| | |
|---|---|
| 1 | MIHRAN YEZBEKYAN (SBN 322233) |
| 2 | *mihran.yezbekyan@btlaw.com* <br> **BARNES & THORNBURG LLP** |
| 3 | 2029 Century Park East, Suite 300 <br> Los Angeles, California 90067 |
| 4 | Telephone:  (310) 284-3880 <br> Facsimile:   (310) 284-3894 |
| 5 | Attorneys for Defendants |
| 6 | COSTCO WHOLESALE CORPORATION; <br> JOHNSON & JOHNSON CONSUMER INC. |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREAS LYMPEROPOULOS, <br><br> Plaintiff, <br><br> vs. <br><br> JOHNSON & JOHNSON CONSUMER INC., a New Jersey Corporation; COSTCO WHOLESALE CORPORATION, a Washington Corporation; and DOES 1 through 50, <br><br> Defendants. | Case No. 5:23-cv-02213 <br><br> **PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1332, 1441(b), AND 1446 [DIVERSITY JURISDICTION]** <br><br> DEMAND FOR JURY TRIAL <br><br> Removed from Superior Court of California, County of San Bernardino, Case No. CIVSB2228813 <br><br> Complaint Filed:  December 27, 2022 <br> Trial Date:          Not Set <br> District Judge:    TBD <br> Magistrate Judge: TBD |

# NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, Defendants Costco Wholesale Corporation and Johnson & Johnson Consumer Inc. (hereinafter collectively "Removing Defendants"), through undersigned counsel, hereby remove this state court action entitled *Andreas Lymperopoulos v. Johnson & Johnson Consumer Inc., et al.*, Case No. CIVSB2228813, filed in the Superior Court of California, County of San Bernardino, San Bernardino District. Removal is warranted under 28 U.S.C. § 1441(b) because this is a diversity action over which this Court has original jurisdiction under 28 U.S.C. § 1332.

In support of removal, Removing Defendants state as follows:

1. On or about December 27, 2022, Plaintiff Andreas Lymperopoulos ("Plaintiff") commenced this action against Removing Defendants by filing a Complaint for Damages in the Superior Court of California, County of San Bernardino, bearing case number CIVSB2228813, captioned *Lymperopoulos v. Johnson & Johnson Consumer Inc., et al.* (the "Complaint"). A true and correct copy of the Complaint is attached as **Exhibit A**.

2. In the State Court Action, Plaintiff alleges that Plaintiff or Plaintiff's family members purchased Neutrogena SPF 70 Spray and Neutrogena SPF 60 + (hereinafter the "Subject Products") on five occasions from Costco Wholesale Corporation, which were defective and unsafe for their intended purpose, and allegedly caused Plaintiff's injuries and damages. Compl. at ¶¶ 11-13, 29. Plaintiff further alleges that Johnson & Johnson Consumer Inc. designed, manufactured, and assembled the Subject Products, and Costco Wholesale Corporation was a retailer that sold the Subject Products. *Id*. at ¶¶ 5, 8. Plaintiff asserts four causes of action against Removing Defendants sounding in strict liability in tort, negligence, breach of warranty, and misrepresentation.

3. As set forth fully below, the United States District Court for the Central District of California has original subject-matter jurisdiction over this action pursuant

**PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1332, 1441(b), AND 1446**

to 28 U.S.C. § 1332(a) because there is complete diversity among the parties and the controversy exceeds $75,000.00, exclusive of interests and costs. Removing Defendants have satisfied the procedural requirements for removal.

## I. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT-MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

4. This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1332 and 1441(b) because (1) there is complete diversity of citizenship between the Plaintiff and Removing Defendants, the only entities named as defendants; and (2) the amount in controversy exceeds the jurisdictional threshold, exclusive of interests and costs.

### A. Complete Diversity of Citizenship.

5. This is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

6. For diversity purposes, a natural person is a citizen of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

7. Plaintiff is, and at all times relevant to this action was, a citizen of California with his principal place of residence in the County of San Bernardino, California. *See* Compl. at ¶ 2 ("Plaintiff is a natural person who, at all times herein mentioned was, a resident of the County of San Bernardino within the jurisdiction of the San Bernardino District of the Superior Court of the County of San Bernardino, California."). For purposes of 28 U.S.C. § 1332(a)(1), Plaintiff is therefore deemed to be a citizen of **California**.

8. For removal purposes, if a party is a corporation, it is a citizen of both

its state of incorporation and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1). A corporation's "'principal place of business' [as contained in section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). This is typically the place where the corporation "maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Id*.

9. Defendant Costco Wholesale Corporation is now, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Washington with its principal place of business in the State of Washington, and is therefore a citizen of the **State of Washington** for purposes of determining diversity. 28 U.S.C. § 1332(c)(1); *see also* Compl. at p. 1.

10. Defendant Johnson & Johnson Consumer Inc. is a Delaware corporation and has its principal place of business in New Brunswick, New Jersey. Therefore, it is considered a citizen of both **Delaware** and **New Jersey** for purposes of determining diversity. 28 U.S.C. § 1332(c)(1); *see also* Compl. at p. 1.

11. Plaintiff also named numerous "Doe" defendants, whose citizenship is disregarded for purposes of removal. *See* 28 U.S.C. § 1441(b)(1).

12. Thus, there is complete diversity among the parties under 28 U.S.C. § 1332.

**B.    The Amount-in-Controversy Requirement Is Satisfied.**

13. This Court's jurisdictional minimum of an amount-in-controversy over $75,000 is satisfied because Plaintiff seeks damages for cancer allegedly caused by exposure to the Subject Products.

14. In this action, Plaintiff claims various injuries including being diagnosed with hairy cell leukemia, from which he experienced severe pancytopenia and allegedly needed urgent treatment with cladribine and rituximab therapy; serious and permanent injuries to his health, strength, and activity, severe shock to his

Barnes & Thornburg LLP
Attorneys At Law
Los Angeles

- 3 -

**PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1332, 1441(b), AND 1446**

nervous system, extreme physical and mental pain; he employed physicians, surgeons, and other medical personnel and incurred expenses therefor, and incurred additional medical expense for hospital bills and other incidental medical expenses; and he will be required to incur additional medical expense. Compl. at ¶¶ 29, 31-33. Plaintiff also alleges lost earnings and loss of earning capacity. *Id*. at ¶¶ 34-35. Plaintiff requests relief in the form of general damages, special damages for medical and incidental expenses, loss of earnings or earnings capacity (past, present, and prospective), costs of suit, and other relief. *Id*. at Prayer, ¶¶ 1-5.

15. Plaintiff's Complaint is silent as to the amount in controversy; however, courts have found that allegations of serious injury in product liability actions, including allegations of cancer like those Plaintiff makes here, support an inference that the amount-in-controversy requirement has been met. Under 28 U.S.C. §§ 1446(c)(2)(B) and 1332(a), the amount-in-controversy requirement for diversity jurisdiction is satisfied if "by the preponderance of the evidence" it is clear from the face of plaintiff's complaint "that the amount in controversy exceeds [$75,000]." *See Dart Cherokee Basin Operation Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (holding that a notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"). It is widely recognized that personal injury claims facially meet the $75,000 jurisdictional threshold. *See, e.g.*, *Carleton v. CRC Indus., Inc.*, 49 F. Supp. 2d 961, 962 (S.D. Tex. 1999) (amount in controversy facially apparent in claim for "potentially fatal form of cancer" because "[p]reliminary diagnostic testing alone in cancer cases can often exceed $75,000, and it is a matter of common knowledge that damage awards in cases involving fatal illnesses far exceed that amount"); *Brooks v. Sanofi S.A.*, No. 20-CV-565-JCM-EJY, 2020 WL 1847682 (D. Nev. Apr. 13, 2020) (federal court in the District of Nevada denied a motion to remand where the amount in controversy was not alleged, finding that the requirement was satisfied on the face of the complaint by the nature of the injury—kidney cancer); *In re Rezulin Prods. Liab. Litig.*, 133 F.

Supp. 2d 272, 296 (S.D.N.Y. 2001) (finding that complaints alleging various injuries requiring medical treatment after taking a prescription medication assert claims exceeding $75,000, even when the complaints only allege damages for $74,000); *Smith v. Wyeth, Inc.*, 488 F. Supp. 2d 625, 630-31 (W.D. Ky. 2007) (denying motion to remand); *Copley v. Wyeth, Inc.*, No. 09-722, 2009 WL 1089663 (E.D. Pa. Apr. 22, 2009) (same).

16. Although Removing Defendants deny that Plaintiff is entitled to any damages, given Plaintiff's claims that he suffered serious and permanent injuries to his health, including a long term medical injury—cancer, severe shock to his nervous system, extreme physical and mental pain, lost earnings, and loss of earning capacity, it is facially evident that the amount of recovery sought by Plaintiff exceeds $75,000. In addition, compensatory damages in excess of $75,000 have been awarded in product liability cases in California and elsewhere. *See, e.g.*, *Jones v. John Crane, Inc.*, 132 Cal. App. 4th 990 (2005) (jury award of more than $4 million in economic and non-economic damages in a product liability action against manufacturer in a case involving injuries related to cancer); *Karlsson v. Ford Motor Co.*, 140 Cal. App. 4th 1202 (2006) (jury award of more than $30 million in compensatory and punitive damages in product liability action against manufacturer); *Campbell v. Bridgestone/Firestone, Inc.*, No. CIV F 05-1499 FVS DLB, 2006 WL 707291, at *2-3 (E.D. Cal. Mar. 17, 2006) (finding an amount in controversy exceeding $75,000 facially apparent where, following a car accident, the plaintiff allegedly suffered head trauma, a broken arm, a broken wrist, a deep leg laceration, loss of earning capacity, and hospital and medical expenses).

17. Furthermore, courts have frequently found the amount in controversy to be in excess of $75,000 where permanent injury or disfigurement is alleged. *See, e.g.*, *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000) (holding that the amount-in-controversy requirement was satisfied in a slip and fall case where the plaintiff alleged injuries to her wrist, knee, and back, and sought damages for medical

expenses, physical pain and suffering, mental anguish, and loss of enjoyment of life); *Monvoy v. Cont'l Airlines, Inc.*, No. 2:09-cv-072, 2009 WL 1687929, at *2 (S.D. Ohio June 12, 2009) (holding that the amount in controversy was sufficient to meet the requirement of diversity jurisdiction where the plaintiff claimed permanent physical injury, pain and suffering, and past and future medical expenses); *McCoy v. Gen. Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002) ("courts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount").

18. Given the foregoing, the amount-in-controversy in this action plainly exceeds $75,000, exclusive of interests and costs.

## II. REMOVING DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

19. Defendants Costco Wholesale Corporation and Johnson & Johnson Consumer Inc. were both served with Plaintiff's Complaint on September 29, 2023. Removing Defendants remove the case to federal court within thirty days of service. Accordingly, removal is timely pursuant to 28 U.S.C. § 1446(b).

20. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, orders, and other documents served on the Removing Defendants as of the date of this filing are attached collectively as **Exhibit A**.

21. The Superior Court of California, County of San Bernardino is located within the Central District of California. *See* 28 U.S.C. § 84(c). Venue is therefore proper in this Court for purposes of removal under 28 U.S.C. § 1441(a) because the Central District of California, is the "district and division embracing the place where such action is pending."

22. Removing Defendants are not citizens of the State of California, the state where this action was brought and where Plaintiff is domiciled. *See* 28 U.S.C. § 1441(b).

23. No previous application has been made for relief requested herein.

24. Pursuant to 28 U.S.C. § 1446(d), Removing Defendants will promptly give written notice of the original removal of this action to Plaintiff via counsel. Removing Defendants will promptly file a copy of this Notice of Removal with the Superior Court of California, County of San Bernardino as required by 28 U.S.C. § 1446(d).

25. By filing this Notice of Removal and the associated exhibits, Removing Defendants do not waive any objections they may have as to service, jurisdiction, venue, or any other claims, defenses, or objections that are or may be available to them in this action. Furthermore, Removing Defendants make no admission of fact, law, or liability by this Notice of Removal, and they expressly reserves all defenses, motions, and pleas.

### III. CONCLUSION

26. All procedural requirements for removal under 28 U.S.C. §§ 1441 and 1446 have been satisfied, and this case is hereby removed to the Court's original jurisdiction under 28 U.S.C. § 1446(d).

27. WHEREFORE, because jurisdiction is proper under 28 U.S.C. § 1332, Removing Defendants pray that this civil action proceed in this Court as an action properly removed, and that no further proceedings be had in this case in the Superior Court of California, County of San Bernardino.

Dated: October 27, 2023                    **BARNES & THORNBURG LLP**

By: */s/ Mihran Yezbekyan*
Mihran Yezbekyan
Attorney for Defendants
COSTCO WHOLESALE
CORPORATION; JOHNSON &
JOHNSON CONSUMER INC.

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, Suite 300, Los Angeles, CA 90067. On October 27, 2023, I served the foregoing document(s) described as:

**PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1332,1441(b), AND 1446 [DIVERSITY JURISDICTION]**

on the interested party(ies) below, using the following means

Robert J. Reynolds
**LAW OFFICES OF ROBERT J REYNOLDS**
16950 Via de Santa Fe, Suite 5060-145
Rancho Santa Fe, CA 92067
Telephone: (619) 261-3393
Facsimile: (815) 642-9527
Email: rjr@robertjreynolds.com

*Attorneys for Plaintiff Andreas Lymperopoulos*

☒ **(BY UNITED STATES MAIL)** I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at Los Angeles, California.

☒ **(BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION)** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 27, 2023 at Los Angeles, California.

Monica Martinez  
Print Name                                                Signature

- 1 -

**PROOF OF SERVICE**